**Goldie Emerick RACE, Appellant,**

v.

**Annie Emerick STEVENS et al., Appellees.**

Court of Appeals of Kentucky.

March 11, 1954.

L. C. Lawrence, Jamestown, Stanley Lemon, Liberty, for appellant.

Murray L. Brown and Robert B. Bird, Brown & Bird, London, John Allen, Edwin R. Denney, Mt. Vernon, for appellees.

CULLEN, Commissioner.

Mrs. Goldie Emerick Race contested the will of her father, Zen Emerick, on the grounds of undue influence and lack of mental capacity. Upon a jury trial, the verdict and judgment were in favor of the will. Mrs. Race appeals.

Mr. Emerick was 92 years of age when the will was executed, on December 8, 1952, and he died 19 days later, on December 27, 1952. He had two living children, one being Mrs. Race and the other her sister, Mrs. Annie Stevens. Mrs. Race had no children, but Mrs. Stevens had 11 children, one of whom, Don Stevens, was a young man around 25 years of age. Mr. Emerick owned a small farm, worth $10,000, and an insignificant personal estate. By his will, Mr. Emerick devised the farm to his grandson, Don Stevens, and the residue of his estate to his two daughters equally.

440

■ There was insufficient evidence to sustain the claim of undue influence.

■ On the issue of lack of mental capacity, a doctor who had attended Mr. Emerick up until six months prior to his death testified that he was suffering from advanced arteriosclerosis; that at the time the doctor was attending him he did not have the mental capacity to make a will, and that his condition would not have improved subsequently. Mrs. Race and several other witnesses testified to incidents showing an impaired mental condition. On the other hand, the doctor who attended Mr. Emerick during the last six months of his life, and who was one of the witnesses to the will, gave his opinion that Mr. Emerick had sufficient mental capacity to make a will. The lawyer who prepared the will gave the same opinion, and testified to statements made by the testator at the time the will was being prepared which indicated the testator was fully aware of the nature of his estate and had made a rational plan for its distribution. A number of other witnesses testified concerning Mr. Emerick's continued interest in politics, agricultural market prices, and public news items, showing his awareness and understanding of what was taking place in the world around him.

The evidence created an issue of fact for the jury, and there was ample evidence to sustain the verdict in favor of the will.

Mrs. Race makes some issue concerning the "unnatural" disposition made by the will. However, the evidence shows that both Mrs. Race and her sister, Mrs. Stevens, were in comfortable circumstances, financially, and that the grandson, Don, had helped Mr. Emerick around the farm for many years, and had lived with Mr. Emerick and operated the farm during the last six months of the old man's life. Under these circumstances there was nothing particularly unnatural about the disposition.

■ It is argued that the court erred in admitting evidence concerning Mrs. Race's financial condition. However, in view of the issue raised as to the unnatural nature of the will, we think the evidence was competent.

■ Complaint is made that counsel for the defendants were permitted to ask leading questions, and questions calling for conclusions of the witnesses. We have examined the questions complained of, and find nothing to justify complaint. Obviously, where the issue is lack of mental capacity, it is most difficult to avoid some tendency to lead, and it is necessary to call for some conclusions.

■ The contention is made that error was committed in that the propounders of the will, in the course of proving formal execution of the will at the beginning of the trial, failed to read the will to the court and jury. If there was error it was of no consequence, because the will later was read and shown to the jury. See Leary v. Leary, 203 Ky. 344, 262 S.W. 293.

The judgment is affirmed.